# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1888

_____

United States of America,

        Appellee,

v.

Glen Jackson,

        Appellant.

\* \
\* \
\* \
\* Appeal from the United States \
\* District Court for the \
\* Eastern District of Arkansas. \
\* [PUBLISHED] \
\* \
\*

_____

Submitted: November 5, 2002 \
Filed: November 18, 2002

_____

Before HANSEN, Chief Judge, BEAM and RILEY, Circuit Judges.

_____

PER CURIAM.

A jury found Glen Jackson guilty of aiding and abetting the deprivation of a person's rights under color of law, in violation of 18 U.S.C. §§ 2 and 242. The district court[1] sentenced him to 108 months in prison and three years of supervised release. On appeal, Jackson argues that the district court should not have allowed the prosecutor to cross-examine him about the facts relating to his prior conviction in

---

[1] The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

Arkansas state court for attempted capital murder. For the reasons discussed below, we affirm the judgment of the district court.

Jackson was convicted of the prior offense approximately two years before he stood trial on the instant offense. On direct examination, after acknowledging his conviction, Jackson asserted that the jury had sentenced him to the statutory minimum because "[t]here's no self-defense law in Arkansas." Over Jackson's objection, the district court allowed the prosecutor to cross-examine him about evidence presented at the attempted murder trial that was inconsistent with the implication that Jackson had acted in self-defense: after an argument with the victim, Jackson had followed him in his car, stopped him, shot him, and continued to shoot him after he fell to the ground. (Trial Tr. at 716-20.)

Jackson argues on appeal that the district court admitted this testimony under Federal Rule of Evidence 404(b) (dealing with the admission of evidence of prior crimes to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident) and that it thereby erred. We conclude that this argument is misplaced because the district court allowed the cross-examination for the purpose of impeaching Jackson's credibility, as authorized by Federal Rules of Evidence 608 and 609. We find no abuse of discretion. See United States v. Valencia, 61 F.3d 616, 618 (8th Cir. 1995) (when the defendant minimizes his guilt in discussing a prior conviction on direct examination, the district court does not abuse its discretion in allowing a more extensive cross-examination into the facts underlying the conviction to impeach the defendant's credibility).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.