TAYLOR, J.

Proceedings Beloiv

In December of 2013, a criminal Complaint containing three counts was filed in the trial court against Appellee. The Complaint charged Appellee, in Count I, that Appellee committed “an act which would be violative of federal criminal law or Washington criminal law” the possession of a firearm by a convicted felon in violation of a Washington State statute RCW 9.41.040(2)(B), such act defined as a tribal crime by CTC 3-1-231 punishable by 360 days in jail and/or a $5,000 fine. The Complaint charged, in Count II, that Appellee committed “an act which would be violative of federal criminal law or Washington criminal law” the possession of a firearm which had its serial number removed in violation of a Washington State statute RCW 9.41.040, such act defined as a tribal crime by CTC 3-1-231 punishable by 360 days in jail and/or a $5,000 fine. *179 The Complaint charged, in Count III, that Appellee possessed drug paraphernalia in violation of CTC 3-1-181.
On December 23, 2013, Appellee filed a Motion to Dismiss Counts I and II of the criminal Complaint arguing that a prior trial court, CCT v. Jane, et al., 2 CTCR 31 (2001) held CTC 3-1-231 to be contrary to the Colville Tribal Civil Rights Act, CTC 2-1-178. The Jane court found this statute denied a defendant’s right to due process of law in that it suffered from “improper incorporation, lack of notice and lack of prosecutorial standards.” Ibid, at 2.
On January 31, 2014, after briefing by Appellant and Appellee, the trial court here, in an eight page opinion, granted Appellee’s Motion to Dismiss Counts I and II of the Complaint with prejudice holding that CTC 3-1-231 is “void for vagueness.” CCT v. Vincent, No. 2013-36343. On Appellant’s Motion, the trial court dismissed Count III without prejudice to simplify the Appeal in this matter. Ibid., Order of February 4, 2014, CR-2013-36343.
A Notice of Appeal was filed February 6, 2014, and an initial hearing was held to determine issues and establish a briefing schedule on March 21, 2014. The parties provided extensive briefing of the issues, including additional briefing at the request of the Court. Oral Argument was heard on November 21, 2014.

Issue on Appeal

While several issues were briefed by the parties, the central issue, which we decide today, is whether CTC 3-1-231 is violative of the due process of law provisions of the Colville Tribal Civil Rights Act, CTC 2-1-178, in that it is so vague that it denies the tribal community its right to know and understand the criminal laws to which it is subject and/or provides enforcement and prosecuting authorities with insufficient definition and certainty with regard to the laws they are obligated to enforce. Standard of Review
The question of whether CTC 3-1-231 violates the due process provision of the Colville Tribal Civil Rights Act, CTC 1-5-2(h), is an issue of law. Issues of law are reviewed de novo. Naff v. CCT, 2 CCAR 50, 2 CTCR 8, 22 Ind. L. Rptr. 6032 (1995). Incorporation of Foreign Law
In CCT v. Wiley, 2 CCAR 60 (1995), this Court clearly defined for the Tribes the scope of the power of the tribal legislature to incorporate the laws of other jurisdictions into tribal law. The Wiley Court found that the adoption by the Business Council of most of the provisions of the Washington State traffic code, including the criminal provisions, was appropriate, lawful and provided sufficient notice to the tribal community of the law that governed their activities on the public road within the Reservation. Importantly, the Wiley Court found that the incorporation of these traffic laws operated prospectively so that the driving public could know that the current state traffic laws governed their behavior. However, in doing so the Wiley Court could look to CTC 9.1.02 (now renumbered as CTC 3-3-2) in order to find that the Business Council had the power to, and did, recognize that the state traffic laws would change over time by amendment, addition, or deletion. Section 9.1.02 specifically provided (and CTC 3-3-2 continues to provide) that state traffic code amendments, deletions and additions became Colville law at the time they occurred. Thus, it is clear to the community and to law enforcers what traffic law is to be applied on the date an offense is alleged to have occurred.
This is not the case with CTC 3-1-231. There is no provision in the Colville Law and Order Code that recognizes amendments, deletions, or additions that may *180 occur in the federal or state criminal law after the date that CTC 3-1-231 was enacted and incorporates those amendments into Colville law. In the volumes of tribal law available to the Court, the legislative history of code sections amended or added to the code subsequent to its original adoption in 1972, are annotated section with dates and adopting resolution numbers. Section 3-1-231 has no such annotation so it can be assumed that it was part of the original 1972 code. Moreover, whatever prior date for the enactment of CTC 3-1-231 is postulated, it is at least arguable, that the felon in possession statutes of the state and federal codes as they appeared in 1972 (or at some other prior date) are in fact the applicable law available to the Colville community and law enforcement when defining the offenses charged here. In oral argument Appellant clearly stated that the Tribes charged Appellee under current (2013) state statutes and that this was an assumption that had to be made.
The problem presented here is one of clarity and knowledge of the law to be applied. Basic concepts of due process require that the community subject to the law must be able to ascertain with certainty the law that the government may apply to them and that the government officials are not permitted to select among a variable set of standards.

Due Process and Void for Vagueness

Appropriate and clear notice of the law to the tribal community and tribal officials is a keystone of due process as defined in the law of the Colville Tribes. Lambert v. CCT, 5 CTCR 34, 10 CCAR 52 (2011). CTC 3-1-231 by its language and the language of the other applicable provisions of the Colville tribal code, establishes as tribal law two very broad bodies of criminal law, i.e., the criminal statutes of Washington State and those of the United States. See: CTC 1-1-5. These bodies of criminal law may be inconsistent, if not conflicting, on the same subject. See, for example, the federal and state statutes dealing with the basic charges that are the subject of this appeal, a felon in possession of a firearm. See: 18 U.S.C. 922(g) and RCW 9.41.040.
Where a statute prohibits certain behavior and provides a criminal penalty for violation, that statute runs afoul of due process provisions like those in Colville Code or the Indian Civil Rights Act, 25 U.S.C. 1302, when the statute is so vague that the public cannot understand what conduct is prohibited and/or law enforcement official, are not given specific instructions regarding what conduct is prohibited and what is not.
However, the void for vagueness limitation on statutes should be used sparingly. Sckwartzmiller v. Gardner, 752 F.2d 1341,1346 (9th Circuit 1984).
Void for vagueness is concerned with defendant’s right to fair notice and adequate warning that certain conduct runs afoul of the law. Gentile v. State Bar of Nevada, 501 U.S. 1030, 1077-78, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991). Moreover, courts are to give statutes with criminal penalties more scrutiny under the void for vagueness evaluation. Forbes v. Napolitano, 236 F.3d 1009, 1011 (9th Circuit 2000).

Void for Vagueness on Its Face

Statutes may be void for vagueness on their face or as applied. A statutes will not be void on its face if it defines the offense with sufficient definitiveness that ordinary people can understand what conduct is prohibited; and establish standards that permit police to enforce the law in a non-arbitrary, non-discriminatory manner. Nunez v. City of San Diego, 114 F.3d 935, 940 (9th Circuit 1997).
*181 “Among the most fundamental protections of due process is the principle that no one may be required at peril of life, liberty or property to speculate as to the meaning of ... statutes. All are entitled to be informed as to what the State commands or forbids.” Cunney v. Bd. of Trs. of Vill. of Grand View, N.Y, 660 F.3d 612, 620 (2nd Circuit 2011).
A statute may be void for vagueness if it fails to provide people of ordinary intelligence reasonable notice and opportunity to understand what conduct it prohibits. Hill v. Colorado, 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000); Thibodeau v. Portuondo, 486 F.3d 61, 65 (2nd Circuit 2007). It may be void if it authorizes or encourages discriminatory enforcement because it fails to provide explicit standards for law enforcement officials. Grayned v. City of Rockford, 408 U.S. 104, 108-109, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

Void for Vagueness as Applied

Appellee argues that this statute as applied should be struck down because the due process clauses of the Colville Civil Rights Act CTC 2-1-178 and the federal Indian Civil Rights Act 25 U.S.C. 1302 et seq. require that the statute be sufficiently clear so as not to cause persons of common intelligence to guess at its meaning or to differ as to its application.
Here the tribal statute broadly sweeps together two very comprehensive bodies of criminal law that in many areas overlap, with differing definitions and, thus, obligations imposed for the same conduct. Such overlapping makes it difficult for the average person to be placed on notice as to what conduct is prohibited and, also, often provides law enforcement with both a choice as to what law to apply to a specific set of facts. CTC 3-2-231 does not give clear direction to tribal authorities as to what law is to be applied to a specific set of facts.
In addition, the lack of a statutory direction as to the prospective or non-prospective application of the federal and Washington State bodies of criminal law CTC 3-1-231 leaves both the tribal community and tribal authorities without direction as to whether the Washington State felon in possession statutes apply as they existed when the Colville code of laws was adopted (1972) or as they existed when the offenses charged in this case took place (2013).
The “void for vagueness” violation of the due process provisions of tribal and federal civil rights law must rarely be applied to strike down a tribal statute. However, in this circumstance, the broad sweep of CTC 3-1-231 attempting to absorb two substantial bodies of law which regularly differ, together with the lack of statutory direction regarding amendments and additions to the federal and state bodies of criminal law leads us to find that this statute must be found to violate due process both facially and as applied.
Appellant argues that this Court in CCT v. Wiley, 2 CCAR 60 (1995) found that the Washington State statutes proscribing driving while intoxicated absorbed by tribal statute into the Colville Code by reference, now CTC 3-3-1, were found to be lawful and within constitution power of the tribal legislature to enact. However, the tribal enactments reviewed by the Wiley Court did not incorporate two overlapping bodies of traffic law into the Colville Code and contained a provision that specifically provided for recognition of amendments and additions to the state code. Now CTC 3-3-2.
We also note that legal counselors to the Tribes have been aware of the questionable status of this statute for thirteen years. *182 See: CTC v. Jam, et. al., 2 GTrR31, CR-MN-2000-23985, Nov. 29, 2001. A legislative solution to the concerns set out in this opinion and in the two prior trial court opinions is available should the Tribes wish to absorb the criminal codes of other jurisdictions.
ORDER
Based on the foregoing authorities and analysis, we AFFIRM the decision of the Trial Court in this matter, and REMAND this matter to the Trial Court for further action on issues unresolved herein by the decision of the Trial Court, consistent with this Opinion and Order.