TAYLOR, J. for the Panel.
SUMMARY OF TRIAL COURT PROCEEDINGS
Appellant was arrested on April 17, 2014, for Rape. Appellant was charged by Criminal Complaint in April 21, 2014, with the crimes of Rape of a Child, CTC § 3-1-11, and Indecent Liberties. Appellant was arraigned the same day. The Complaint alleged that the crimes charged were committed on the “16th day of April through the 17th day of April 2014.” The Indecent Liberties charge was later dismissed.
At arraignment, bail was set at $5,000.00 and Appellant was advised of his right to a speedy trial. Trial was set for June 12, 2014.
On June 2, 2014, on motion of the prosecution, and over the objection of Appellant, trial was reset for June 19, 2014. The prosecution’s motion for continuance included a request to the Trial Court for a reduction in bail so that Appellant could be released pending trial. Neither Appellant nor the Trial Court took any action on the request to reduce bail. Appellant remained in custody.
At the pretrial hearing on June 16, 2014, over Appellant’s objection, the Trial Court continued the trial to July 10, 2014. On June 27, 2014, the Trial Court put on the record the reasons for resetting the trial date. July 10, 2014, was twenty (20) days beyond the required speedy trial date set by the Tribal Code for a defendant in custody. The Trial Court found that, although Appellant had asserted his right to a speedy trial, rescheduling of the trial was required because of court scheduling and found that Appellant was not prejudiced *358 by the continuance beyond the sixty (60) day limitation set out in the Colville Tribal Code, CTC § 2-l-102(d). Appellant objected to the continuance and the findings of the Trial Court, The trial actually began on July 8, 2014, eighteen (18) days beyond the statutory limit.
At trial the Trial Court found that Rape of a Child, or Statutory Rape, with which Appellant was charged, is a “strict liability” crime. As a result, Appellant was prohibited from introducing evidence that at the time his alleged sexual contact with the minor occurred he had a good faith belief that she was older than the statutory age that caused Appellant to be criminally culpable for his actions. A jury instruction proposed by Appellant which would have supported a justified mistake of age defense was also not allowed by the Court.
On July 8, 2014, the prosecution filed an amended complaint which changed the original complaint that stated the sexual contact had taken place on the “16th day of April through the 17th day of April, 2014,” to a new complaint that alleged sexual contact occurred “on or about the 16th day of April, 2014.” The Trial Court found no substantial rights of Appellant were affected and, over the objections of Appellant, granted the prosecution’s Motion to Amend.
Because a jury could not be seated from the first panel of jurors, the jury that eventually heard and convicted Appellant was the second panel drawn for the trial. The trial judge conducted the initial voir dire of the second jury panel. Defense counsel then questioned the prospective jurors and objected when the prosecution questioned prospective jurors regarding their attitudes toward the crime of Rape. Appellant was not permitted by the Trial Court to conduct a rebuttal voir dire to the prosecution’s questions regarding rape and Appellant objected to the limitation.
The panel has received and considered the record in this matter, including the audio recording of the voir dire and empaneling of the jury. Each of Appellant’s objections to the manner of the conduct of his trial is considered below.
RAPE AND STRICT LIABILITY
Appellant argues for reversal of his conviction on the ground that he was not allowed to present, as a defense to the Rape of a Child, or Statutory Rape, charge, that he was justifiably mistaken as to the age of the victim. The Trial Court found that the Statutory Rape charge requires a strict liability analysis which excludes the defense of justifiable mistake in age.
Appellant raises two arguments. First, that the Colville Tribal Code does not specifically exclude such a defense, and second, Washington State law, by statute, now allows the defense of justifiable mistake as to the age of the victim.
When Colville tribal law does not include code provisions or common (case) law on an issue the Tribal Code, at CTS § 1-2-11, directs us to rely next on state common law to resolve the issue. Here the majority state common law rule with regard to the defense of mistake of age in statutory rape prosecutions is that, as a strict liability crime, such a defense is not allowed. Celis v. State, 416 S.W.3d 419 (Tex.Crim.App.2013); State v. Martinez, 52 P.3d 1276 (Utah 2002).
In addition, the Colville Business Council last reviewed and amended the Tribal Code provisions dealing with rape and defenses to a charge of rape in the year 2004. Congress added this mistake defense to the U.S. Code in 1986. 18 U.S.C. § 2243(c)(1), P.L. 654, § 2, November 14, *359 1986, 100 Stat. 3661. The Washington State legislature, in 1988, visited the state provisions dealing with Rape of a Child and defenses thereto, and added to the Washington Code, defenses based on justifiable belief that the child victim was of an age beyond that which would cause any sexual contact to be criminally culpable. We presume that the Colville Business Council was aware that such a defense was available under federal and state law and chose not to include it in tribal law. We hold that statutory' rape is a strict liability crime.
SPEEDY TRIAL
Appellant was charged by criminal complaint and arraigned on April 21, 2014. Bail was set at $5,000.00 cash. Appellant never posted bail and was held in custody until trial. Because Appellant was in custody his last date for trial under the 60 day speedy trial requirements of the Colville Tribal Code, CTC § 2—1—102(d) was June 20, 2014. On June 2, 2014, the Court, with agreement by the parties, set a trial date of June 19, 2014.
On June 16, at the pre-trial hearing the Court, on its own motion, and over the objection of Appellant, set trial for July 10, 2014, citing Court scheduling and docket congestion. On June 27, 2014, the Court entered into the record the following findings:
1. Delay of the trial was due to court scheduling.
2. Appellant had continually asserted his right to speedy trial under tribal law.
3,Delay would not prejudice the Appellant or his defense.
Appellant objected to these findings.
The trial actually took place on July 8, 2014, some eighteen days past the trial date set out in the Colville (in custody) Speedy Trial Rule. Appellant argues for dismissal of his conviction on the ground that he was denied his right to due process [1] because his trial took place eighteen days beyond the date he was entitled to be tried under CTC § 2—1—102(d). Appellant argues that the first provisions of CTC § 2-1-102 governing time for trial for out of custody defendants, which permit the Court to extend trial dates beyond the statutory time limit “for cause or at request of the defendant,” show that the 60 day limit in CTC § 2—1—102(d), which contains no such language allowing for extension by the Court, is absolute, and in this case, requires dismissal of Appellant’s conviction. However, as we set out below, we find that the provisions of CTC § 2-1-102(d), the ICRA and the CTCRA, with regard to speedy trial requirements, are somewhat flexible and subject to both a preliminary review of the length of time beyond the statutory time limit and a balancing test.
A majority of the state legislatures (44) and Congress have enacted some version of the speedy trial requirement as a statute or court rule[2]. There is, therefore, a plethora of state[3] and federal common (case) law on the meaning of the federal and state constitutional, statutory and court rule speedy trial requirements.
*360 In resolving the various contradictions regarding these rules, both the state and federal courts tend to base their analysis on the decision of the United States Supreme Court opinion in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 38 L.Ed.2d 101 (1972). In Barker the Court announced a four part “balancing test” to determine whether the Sixth Amendment right to a speedy trial had been violated when the length of time beyond the statutory date upon which trial is required to be conducted is long enough to be found “presumptively prejudicial.” It is not surprising then, that our Court, in confronting claims that a Colville statute required dismissal of a criminal conviction for failure to sentence within 60 days of a guilty plea, looked to Barker v. Wingo for analysis of the claims.
In Stensgar v. Colville Confederated Tribes, 2 CCAR 20, 1 CTCR 76, 20 ILR 6151 (1993) the Court found that an eighteen day delay beyond the 60 day limitation set out in a tribal statute requiring the Court to issue a sentence after the presenting to the Court of a guilty plea was subject to a Barker analysis. While the Stensgar Court specifically did not approve of the trial court’s action in going beyond the 60 day limitation set out in the statute, it did find that the limitation was not absolute. Instead the Court found that the lag in sentencing subjected the action of the Trial Court to a Barker analysis in order to determine whether a denial of due process had taken place.
The Stensgar Court went on to find that the eighteen day delay did not violate the defendant/appellant’s due process rights. The Trial Court based the delay on court congestion, which the Stensgar Court accepted as valid, and the Stensgar Court found that the trial judge put into the record factors that supported the failure to act within the 60-day limit.
Here, unlike the facts in Stensgar, the Appellant did regularly assert his right to speedy trial, which would militate in his favor were the time extension beyond the rule longer.
Appellant also raises the issue of his concern regarding the extension of his pretrial detention. Appellant was offered a reduction in bail but did not pursue the offer in any substantial manner. Nothing in the record indicates that the additional eighteen days impaired Appellant’s defense.
Appellant argues that the lack of statutory permission for the Court to exercise discretion in trial setting in CTC § 2-1-102(d) as compared to the other three sections of the Colville speedy trial statute makes the 60 day time limit in CTC § 2-1-102(d) mandatory. We find, however, that the lack of discretionary language in CTC § 2—1—102(d) rather than making the 60 day limitation mandatory, may subject exceeding the 60 day time limit to a Barker analysis if the additional time before trial is of sufficient length to meet the “presumptively prejudicial” test set out in Barker.
In Barker, the Court found that in order to be required to conduct a due process review of a violation of a speedy trial claim, the asserted delay must be beyond a period that could be found to be “presumptively prejudicial.” The standard for “presumptively prejudicial” was not stated, but under this standard the state and federal courts have looked at time lags from a few months to seven and ten years with a trend toward some flexibility. This flexibility appears to be required because the only remedy available for violation of the speedy trial requirement is dismissal of charges.
A review of recent state appellate decisions shows, with one exception, that periods of less than seven or eight months *361 between the filing of charges and a date of trial are not considered “presumptively prejudicial.” When the lag between filing and trial is not “presumptively prejudicial” these courts find that it is unnecessary to review the remaining Barker factors to determine whether any due process violation has taken place. The exception is Minnesota, where pursuant to statutory rules, a trial must be held within 60 days of the date that a defendant makes a formal demand for a speedy trial. The failure to conduct a trial within the 60 days triggers a full Barker review. State v. Johnson, 811 N.W.2d 136 (Minn.App.2012).
As a result, and specifically limited to the facts of this appeal, we find the additional eighteen days during which Appellant remained incarcerated prior to trial does not meet the “presumptively prejudicial” standard and no further Barker analysis is required.

VOIR DIRE

The manner of the conduct of voir dire is ordinarily within the discretion of the trial judge. In reviewing the conduct of voir dire of a jury we apply an abuse of discretion standard,
After considering the audio record of the voir dire and empaneling of the jury in this case, we do not find that the Trial Court abused its discretion. We do not find that the questions regarding the act of rape asked of the prospective jurors were prejudicial, nor do we find that the denial of the defense of rebuttal voir dire was prejudicial to Appellant’s defense.
AMENDMENT OF COMPLAINT
Immediately prior to the commencement of the trial, the prosecution moved to amend the complaint to state that the unlawful sexual contact between Appellant and the alleged victim occurred only on the 16th of April, 2014, rather than the 16th and 17th of April, 2014 as stated in the original complaint. While this amendment did reduce the burden on the prosecution to prove sexual contact on the 17th of April, 2014; if also allowed the defense to focus its defense to the allegations involving any activities of the 16th of April, 2014. We find no prejudice to Appellant in the allowing of the amendment.
ADMISSION OF APPELLANT’S CRIMINAL RECORD
At trial, Appellant testified regarding his prior convictions for crimes involving dishonesty. The Court then permitted the prosecution to introduce into evidence Judgment and Sentencing orders and charging documents as evidence of those convictions. Appellant asserts that the Court erred by allowing those documents to be seen by the jury.
Appellant correctly notes that the Trial Court may not use state common law to decide questions regarding the introduction of evidence. See: CTC § 2-1-171. Appellant argues that, lacking state common law as a guide, the Court must look to Washington State Rules of Evidence to resolve evidence issues. Appellant further argues that under the Washington rules the introduction of the sentencing orders and charges would not have been permitted. However, the Colville Code, when tribal law and state common law are unavailable, directs the Court to look to federal statutes in resolving issues. See: CTC § 1-2-11. The Federal Rules of Evidence became federal statutory law in 1975. P.L. 93-595, 88 Stat. 1956. This Court has for some years recognized the Federal Rules of Evidence applicable to this issue, FRE 609, and federal decisions interpreting it as the evidence rule of the Tribes.
*362 When considering the issue of the application of evidence rules in proceedings before the Colville Tribal Court and the Court of Appeals, the Federal Rules of Evidence have been looked to as defining how the issue should be resolved. In Waters v. Colville Confederated Tribes, 3 CCAR 35, 2 CTCR 19 (1996) the Federal Rules of Evidence 607, 801 and 803 controlling hearsay were applied both by the Trial and Appellate Courts with regard to the proceedings therein. In Tonasket v. Colville Confederated Tribes, 7 CCAR 40, 4 CTCR 13 (2004) this Court, while not specifically adopting FRE 606(b) as applicable to the proceedings therein, did follow that Rule and interpretation of that Rule, to resolve one of the key issues before it. In Louie v. Colville Confederated Tribes, 8 CCAR 49, 4 CTCR 27 (2006) this Court recognized that the Tribes had not enacted its own rules of evidence and then went on to apply FRE 201 to resolve the evidentia-ry issue presented by the appeal.
We review the evidentiary ruling of the Trial Court for abuse of judicial discretion. When Appellant, here, testified regarding his prior convictions, the door was opened to the Court allowing evidence of those convictions to be presented to the jury pursuant to FRE 609. Sanchez v. McCray, 349 Fed.Appx. 479 (11th Cir.2009); U.S. v. Jackson, 310 F.3d 1053 (8th Cir.2002); U.S. v. Perry, 857 F.2d 1346 (9th Cir.1988). We find no abuse of discretion, here, in allowing evidence of the prior convictions to be presented to the jury-
CONCLUSION
The Trial Court is Affirmed and this matter is remanded to the Trial Court for further action consistent with this Opinion.

. See: Indian Civil Rights Act, 25 U.S.C. § 1302(a)(6); Colville Civil Rights Act § 1-5-2(f).

. See generally, Susan Herman, The Right To Speedy and Public Trial, 161-167 (2006).

.CTC 1-2-11 directs that the Courts of the Colville Tribes, when Colville law is unavailable, look to “state common” law. Therefore, issues raised on appeal, which cannot be resolved by established Colville law, are to be resolved by a review of the common law as developed by the courts of the states and not by the common law of any single state.