DUPRIS, C.J.
SUMMARY
Two cases have been consolidated herein for the purpose of addressing the same legal issues presented, Michael Dewayne Desautel, Jr. v. CCT, AP16-011, and Terrance Johnathan Randall v. CCT, AP15-016. In both cases the appellants entered uncontested pleas of guilty to the multiple charges against them. All six charges against Desautel[1] and all four charges against Randall each carried the maximum penalty allowed under the Colville Tribal Law and Order Code (CTLOC), that is, up to 360 days in jail and/or a fine of up to $5,000.00.
At their respective sentencing hearings, each of the appellants was sentenced to consecutive jail terms on each of the counts of charges against them. Desautel was sentenced to a total 1080 days in jail with 540 days suspended on the first three charges, and a total 1080 days with 715 suspended on the last three charges. On October 5, 2015, Randall was sentenced to a total 1170 days in jail with 930 suspended.
Appellants challenged the Trial Court’s authority to impose consecutive sentences in each case based on the Indian Civil Rights Act of 1968, 25 U.S.C. § 1302(c) (ICRA), which was amended in 2010 by the Tribal Law and Order Act of 2010, Pub.L.No. 111-211, § 234(a), 124 Stat. 2258 (TLOA). The Trial Court ordered briefing on the issue but did not render a decision on it, and entered consecutive sentencing judgments.
Both cases were timely appealed. After briefing, oral arguments were held on January 16, 2016. We find that the consecutive sentences entered in both eases violate the ICRA, as amended by the TLOA, and vacate and remand for new sentencing in compliance with this opinion and order.
STANDARD OF REVIEW
We review questions of law de novo. CCT v. Naff, 2 CCAR 50 (1995).
ISSUE
Did the Trial Court violate the ICRA by imposing consecutive sentences in one criminal proceeding which exceeded 360 days in jail without being compliant with the TLOA requirements regarding available rules of evidence?
DISCUSSION
This is a case of first impression. We are asked to review the application of the ICRA’s amended sections regarding stacking sentences, and what is required of a tribal court in order to be allowed to stack the sentences under the TLOA amendments to the ICRA. TLOA was enacted in 2010, and, in the relevant section, expanded a tribal court’s authority to *152 sentence defendants to longer jail terms, under certain conditions. Section 1302(b) states the tribal courts may sentence a defendant up to three years in jail for each offense; section 1302(c) states that if a defendant is sentenced to more than a year in jail, the tribal government shall, among other things, make its rules of evidence available to the public. This latter section is the only one considered in this appeal. That is, Appellants argue the Tribes does not have written rules of evidence for a defendant to review, and, thus is not TLOA compliant to impose jail sentences longer than 360 days. We agree.
The only statutory reference to rules of evidence is found at CTLOC § 2-1-171.[2] We have ruled on specific evidentiary issues brought before our Court, finding guidance in the Federal Rules of Evidence (FRE’s), by applying our CTLOC’s Applicable Law section, 1-2-11.[3] In CCT v. Waters, 3 CCAR 35 (1996), we adopted the hearsay and impeachment FRE’s. See, also, Cate v. CCT, 12 CCAR 15 (2015) and Lambert v. CCT, 12 CCAR 32, 12 Am. Tribal Law 356 (2015), (COA’s reliance on FRE’s.)
Appellants’ position is that the Tribes has not adopted rules of evidence, a prerequisite to allowing consecutive sentences over 360 days. Appellants rely on the plain reading of the ICRA, §§ 1302(b) and (c) (§ b; § c). Appellee asks us to look at the totality of the tribal laws, both statutory and case law, and find that the TLOA requirements of the ICRA are met.
It has been long-recognized by this Court that the ICRA is applicable to the Tribes. It is a federal mandate to all tribal governments, incorporating the basic principles of due process and equal protection in the several tribal courts of the nation. We have noted in our cases, too, that tradition and custom mandate a deference to due process standards. See, e.g., CCT v. Meusy, 10 CCAR 62 (2011).
In CCT v. Vincent, 12 CCAR 07, 09, 12 Am. Tribal Law 177 (2015), we held that the “basic concepts of due process require that the community subject to the law must be able to ascertain with certainty the law that the government may apply to them and that the government officials are not permitted to select among a variable set of standards.” Appellants argue the lack of specificity in rules of evidence; Appellee argues the totality of the laws support guidance for parties in knowing what rules to follow. We find the Tribes’ argument unsupported by a review of the law.
A defendant cannot be presumed to be knowledgeable about rules of evidence, even though once he or she is appointed an attorney, that knowledge may be available through the attorney. The ICRA is very specific on its requirements under § c. Specifically, § c states that tribal governments seeking to impose sentences longer than 360 days “in any one criminal proceeding” must, before the defendant is charged, have publicly available rules of evidence. There is no ambiguity to this language.
Appellee conceded on record that the sentencing hearing on the appellants’ multiple charges was during “one proceeding.” *153 As far back as 2002 we recognized the lack of rules of evidence at the trial level. See, Louie v. CCT, 8 CCAR 49, — Am. Tribal Law-(2002). We have adopted, piecemeal, different sections of the FRE’s as guidance in our Court, but we have not seen similar actions at trial level. There is no consistent statement from the Trial Court on which rules of evidence it follows, and the Colville Business Council (CBC) has not adopted any statutory rules at this time.
The lack of rules of evidence, given the longevity of our Court system, is troubling, and the problem has caught up with us. As a matter of basic due process mandates, and as a matter of the mandates of the ICRA as amended by TLOA, our ruling in St. Peter v. CCT, 2 CCAR 2 (1993) is no longer viable. There we held that no federal law existed that prevented sentence stacking; this is no longer true.
We can see no other judicial remedy for the Trial Court. Our basic evidentia-ry statute, CTLOC § 2-1-171, is no longer adequate to address the issue raised herein because of the new mandates of the ICRA. Appellee argues that the rules of evidence are simply put: “deemed necessary and relevant.” Although this language recognizes the time-honored principle of judicial discretion, it no longer provides adequate notice to parties of what can be deemed necessary and relevant. Its ambiguity defeats the purpose of adequate notice.
This case raises the concern of what rules of evidence should be used in our cases. CTLOC § 1-2-11 gives our Court the discretion to adopt, as guidance, rules that would comport with due process. As such, in criminal cases (civil evidence issues are not before us), we exercise that discretion and hold that in all future criminal matters coming before the Court of Appeals, we will apply the FRE, a federal statutory evidence scheme adopted by Congress in 1975, for the federal courts. The CBC at any time may amend, revise, or reverse this ruling by enacting code provisions dealing with presentation of evidence in criminal proceedings. Until such time as the tribal legislature acts, the FRE will be applied to resolve criminal evidence issues brought to the COA. As has been with all of the decisions of our Court of Appeals, this decision shall be publicly published and available to all persons.
We further hold that the TLOA mandate of the ICRA, 1302(c) requires rules of evidence applying to the Trial Court be made available to defendants before they are charged. Until the publication of this decision, there were no adequate rules of evidence, compliant with the newly-amended ICRA, available to the Trial Court[4]. Therefore, the appellants cannot be sentenced to more than 360 days in “one criminal proceeding.” In as much as St. Peter v. CCT, supra, is contrary to this ruling, we overturn it.
The judgments in the cases before us are VACATED and the cases are REMANDED for sentencing in compliance with this opinion and order.

. Desautel entered Alford pleas to three charges on April 13, 2015, and Alford pleas to three similar charges on April 21, 2015.

. "The Court shall not be bound by common law rules of evidence, but shall use its own discretion as to what evidence it deems necessary and relevant to the charge and the defense.”

. “In all cases the court shall apply, in the following order of priority, unless superseded by a specific section of the Law and Order Code, any applicable laws of the Colville Confederated Tribes, tribal case law, state common law, federal statutes, federal common law and international law.”

. We will not go as far as to mandate the Trial Court also adopt the FRE’s, but strongly urge that it does so until such time as the CBC addresses the issue too. This would be a logical practice for the Trial Court in light of the fact it knows that the FRE’s are the standard by which we will review the criminal cases from hereon.