NELSON, J.
The appellant, Mariah Frank, was charged and convicted of various crimes in three separate proceedings with three separate ease numbers. Sentencing for all convictions were combined into one criminal proceeding in which she was sentenced to consecutive terms of incarceration, the total of which exceeded one year.
The issue on appeal is whether the consecutive sentences imposed during one criminal proceeding violate the requirements of the Tribal Law and Order Act of 2010. For the reasons set forth below we hold that the Trial Court erred in its imposing, in a single criminal proceeding, consecutive sentences which exceed one year.

STANDARD OF REVIEW

The material facts of these cases are not disputed for the purpose of this appeal. The issues are entirely those of law. Accordingly, the standard of review is de novo. CCT v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995), Wiley et al. v. CCT, 2 CCAR 60, 2 CTCR 09, 22 ILR 6059 (1995).

FACTS

Mariah Frank was charged with criminal violations in three separate cases [1], to wit:
[1] CR 2015-38161 Receiving Stolen Property, which occurred on August 22, 2015;
[2] CR 2015-38204. Attempting to Elude a Pursuing Police Vehicle; Reckless Driving; Obstructing Justice; Theft; and Unauthorized Use of a Vehicle, all of which occurred on October 26, 2015; and
[3] CR 2015-38205 Theft, which occurred on August 10, 2015.
*348 On January 14, 2016, Ms. Frank pleaded guilty to each charge in each case. Sentencing for all three cases occurred during one criminal proceeding.
In Case No. CR 2015-38164, Receiving Stolen Property, she was sentenced to 180 days incarceration with 0 days suspended. The Order noted that the sentence was consecutive to those imposed in CR 2015-38204 and CR 2015-38205.
In Case No. 2015-38204, she was sentenced in each of the five counts to 360 days incarceration with 180 days suspended. The sentences were concurrent in this case, but consecutive to those imposed in the other two cases.
In Case No. 2015-38205, she was sentenced to 180 days incarceration with 180 days suspended, consecutive to the other two cases.
The total number of days Ms. Frank was sentenced to during this proceeding was 540 days which is in excess of one year.

DISCUSSION

The Tribal Law and Order Act of 2010, U.S.C. 3201 et seq., prohibits tribal courts from imposing sentences in one criminal proceeding to more than one year unless certain requirements are met. One of these requirements is that an evidence code be extant within the tribe’s legal structure. U.S.C. 1302(c).
At the time of sentencing in this matter, the Confederated Tribes of the Colville Reservation had not enacted an evidence code and this Court had not adopted one. Therefore, the sentencing of Mariah Frank, in one criminal proceeding, to more than one year, was in violation of the Tribal Law and Order Act.[2]
Accordingly, the foregoing sentences imposed in the aforementioned cases are VACATED and the matters remanded to the Trial Court for re-sentencing in accordance with sentencing procedures prior to our holding in Desautel/Randall v. CCT, 13 CCAR 03, 7 CTCR 5, 07, 13 Am. Tribal Law 150 (2016).

. The Notice of Appeal listed only one case, CR-2015-38164. However, the issue before us involves all three cases therefore we are including them in this Opinion.

. We note that subsequent to the sentencing of Ms. Frank, this court adopted the Federal Rules of Evidence as the evidence code to be used in this Court. See Desautel/Randall v. CCT, 13 CCAR 03, 7 CTCR 5, 07, 13 Am. Tribal Law 150 (2016).